ORIGINAL

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRENDA VALLEJO, individually, and as Next Friend of PHILLIP MICHAEL VALLEJO, JR., and GIANNA BRIELLE VALLEJO as Representative of the Estate of PHILLIP VALLEJO and REBECCA VALLEJO,<br>　　　　Plaintiffs,<br><br>VS.<br><br>CITY OF FORT WORTH; CITY OF FORT WORTH BY AND THROUGH THE FORT WORTH POLICE DEPARTMENT; SGT. M. J. OCHSENDORF as an agent of FORT WORTH POLICE DEPARTMENT and Individually, OJOS LOCOS SPORTS CANTINA, LLC; OJOS LOCOS SPORTS CANTINA MANAGEMENT, LLC; OJOS LOCOS SPORTS CANTINA DOS, LLC; and OJOS LOCOS HOLDING, LLC,<br>　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:15-CV-00749-A |

## DEFENDANT CITY OF FORT WORTH'S ANSWER TO PLAINTIFFS' THIRD AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant City of Fort Worth, Texas (hereinafter "Defendant City"), sued in its capacity as a corporate entity, and improperly sued by and through the Fort Worth Police Department, an entity that cannot sue or be sued, and files this its Answer to Plaintiffs' Third Amended Original Complaint.

*Defendant City of Fort Worth's Answer to Plaintiffs' Third Amended Original Complaint – Page 1*

# I.
# ANSWER

1. Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 1 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

2. Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 2 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

3. Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 3 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

4. Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 4 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

5. Defendant City denies that any of its employees violated any citizen's constitutional rights. Defendant City admits the remaining averments contained in Paragraph 5 of Plaintiffs' Third Amended Original Complaint.

6. Defendant City admits that Defendant Oschendorf has appeared in this action. Defendant City denies the remaining averments contained in Paragraph 6 of Plaintiffs' Third Amended Original Complaint.

7. The City admits that Defendants Ojos Locos Sports Cantina, LLC; Ojos Locos Sports Cantina Management, LLC; Ojos Locos Sports Cantina Dos, LLC; and Ojos Locos Holdings, LLC have appeared in this action. Defendant denies the remaining averments contained in Paragraph 7 of Plaintiffs' Third Amended Original Complaint.

8. Defendant City denies that it violated the constitutional rights of Plaintiffs and/or Phillip Vallejo. The City is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 8 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

9. Defendant City denies the averments contained in Paragraph 9 of Plaintiffs' Third Amended Original Complaint.

10. Paragraph 10 of Plaintiffs' Third Amended Original Complaint is not the type of averment to be admitted or denied.

11. Defendant City denies that this court has jurisdiction for any alleged violation of the Texas Tort Claims Act. Defendant City admits that the action complained of occurred in Tarrant County. Defendant City is without sufficient information to admit or deny the remaining averments contained in Paragraph 11 of Plaintiffs' Third Amended Original Compliant, and therefore must deny.

12. Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 12 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

13. Defendant City denies that it committed any action or omission that would make it liable to Plaintiffs for damages. Defendant City admits the remaining averments contained in Paragraph 14 of Plaintiffs' Third Amended Original Complaint.

14. Defendant City admits that Plaintiffs provided the City with a Notice of Claim. Defendant City denies the remaining averments contained in Paragraph 14 of Plaintiffs' Third Amended Original Complaint.

15. Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 15 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

16. Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 16 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

17. Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 17 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

18. Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 18 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

19. Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 19 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

20. Defendant City admits that Sgt. Ochsendorf approached the scene. Defendant City admits that other officers may have approached the scene. Defendant City denies the remaining averments contained in Paragraph 20 of Plaintiffs' Third Amended Original Complaint.

21. Defendant City admits that July 30, 2015 was a Thursday. Defendant City is without sufficient information to admit or deny the crowd levels at the Ojos Locos location, and therefore must deny. Defendant City denies the remaining averments contained in Paragraph 21 of Plaintiffs' Third Amended Original Complaint.

22. Defendant City admits that Defendant Ochsendorf fired shots. Defendant City denies the remaining averments contained in Paragraph 22 of Plaintiffs' Third Amended Original Complaint.

23. Defendant City admits that, according to the Autopsy Report from the Tarrant County Medical Examiner, there were two gunshot wounds to Mr. Vallejo's back and two to his chest. The City is without sufficient information or knowledge as to the authenticity or validity of the "independent" autopsy report and therefore must deny any averments contained in the report, as well as the report itself. Defendant City denies the remaining averments contained in Paragraph 23 of Plaintiffs' Third Amended Original Complaint.

24. Defendant City admits that Fort Worth Police Officers are required to know citizens' constitutional rights. Defendant City is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 24 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

25. Defendant City admits that there were several witnesses to all or part of the incident. Defendant City admits that a bullet did enter the Ojos Locos establishment. Defendant City is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 25 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

26. Defendant City admits that Defendant Ochsendorf shot Phillip Vallejo when Mr. Vallejo aimed a gun at him. Defendant City admits that Phillip Vallejo was placed in handcuffs. Defendant City admits that Phillip Vallejo was alive at the time he was placed in handcuffs. Defendant City denies the remaining averments contained in Paragraph 26 of Plaintiffs' Third Amended Original Complaint.

27.     Defendant City admits that Ms. Vallejo was kept in police custody as a potential witness. Defendant City denies the remaining averments contained in Paragraph 27 of Plaintiffs' Third Amended Original Complaint.

28.     Defendant City denies the averments contained in Paragraph 28 of Plaintiffs' Third Amended Original Complaint.

29.     Defendant City denies the averments contained in Paragraph 29 of Plaintiffs' Third Amended Original Complaint.

30.     Defendant City admits that Phillip Vallejo died. Defendant City admits that the Tarrant County Medical Examiner classified the death as a homicide. Defendant City denies the remaining averments contained in Paragraph 30 of Plaintiffs' Third Amended Original Complaint.

31.     Defendant City denies that Brenda Vallejo was mistreated while in police custody. Defendant City is without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 31 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

32.     Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Paragraph 32 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

33.     Defendant City admits that Brenda Vallejo has not been charged with a crime related to the shooting of Mr. Vallejo. Defendant City is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 33 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

34. Defendant City admits that Sgt. Enright gave a statement related to a video of the incident. Defendant City admits that no video has been released due to the ongoing criminal investigation of the incident. Defendant City is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 34 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

35. Defendant City is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 35 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

36. Defendant City denies the averments contained in Paragraph 36 of Plaintiffs' Third Amended Original Complaint.

37. The City admits that Defendant Ochsendorf and other officers who made the scene were licensed and acting under color of state law. To the extent that Ochsendorf acted in accordance with the U.S. and Texas Constitutions, and state and federal law, the City admits the averments contained in Paragraph 37 of Plaintiffs' Third Amended Original Complaint. To the extent that Ochsendorf did not act in accordance with the U.S. and Texas Constitutions, and federal and state law, the City denies the averments contained in Paragraph 37 of Plaintiffs' Third Amended Original Complaint.

38. Defendant City admits that officers are trained in basic first aid. Defendant City denies the remaining averments contained in Paragraph 38 of Plaintiffs' Third Amended Original Complaint.

39. Defendant City denies the averments contained in Paragraph 39 of Plaintiffs' Third Amended Original Complaint.

40. Defendant City denies the averments contained in Paragraph 40 of Plaintiffs' Third Amended Original Complaint.

41. Defendant City denies the averments contained in Paragraph 41 of Plaintiffs' Third Amended Original Complaint.

42. Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 42 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

43. Defendant City denies the averments contained in Paragraph 43 of Plaintiffs' Third Amended Original Complaint.

44. Defendant City denies the averments contained in Paragraph 44 of Plaintiffs' Third Amended Original Complaint.

45. Defendant City admits that Brenda Vallejo has filed an application to be appointed administrator of the Estate of Phillip Vallejo. Defendant City is without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 45 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

46. The City incorporates its responses to Paragraphs 1-45 of Plaintiffs' Third Amended Original Complaint as though fully set forth herein.

47. Defendant City admits the averments contained in Paragraph 47 of Plaintiffs' Third Amended Original Complaint.

48. Defendant City admits that Phillip Vallejo was shot and needed medical attention. Defendant City denies the remaining averments contained in Paragraph 48 of Plaintiffs' Third Amended Original Complaint.

49. Defendant City denies the averments contained in Paragraph 49 of Plaintiffs' Third Amended Original Complaint.

50. Defendant City denies the averments contained in Paragraph 50 of Plaintiffs' Third Amended Original Complaint.

51. Defendant City denies the averments contained in Paragraph 51 of Plaintiffs' Third Amended Original Complaint.

52. Defendant City denies the averments contained in Paragraph 52 of Plaintiffs' Third Amended Original Complaint.

53. Defendant City denies the averments contained in Paragraph 53 of Plaintiffs' Third Amended Original Complaint.

54. Defendant City denies the averments contained in Paragraph 54 of Plaintiffs' Third Amended Original Complaint.

55. Defendant City denies the averments contained in Paragraph 55 of Plaintiffs' Third Amended Original Complaint.

56. The City incorporates its responses to Paragraphs 1-55 of Plaintiffs' Third Amended Original Complaint as though fully set forth herein.

57. Defendant City denies the averments contained in Paragraph 57 of Plaintiffs' Third Amended Original Complaint.

58. Defendant City denies the averments contained in Paragraph 58 of Plaintiffs' Third Amended Original Complaint.

59. Defendant City denies the averments contained in Paragraph 59 of Plaintiffs' Third Amended Original Complaint.

60. Defendant City denies the averments contained in Paragraph 60 of Plaintiffs' Third Amended Original Complaint.

61. Defendant City denies the averments contained in Paragraph 61 of Plaintiffs' Third Amended Original Complaint.

62. The City incorporates its responses to Paragraphs 1-61 of Plaintiffs' Third Amended Original Complaint as though fully set forth herein.

63. Defendant City denies the averments contained in Paragraph 63 of Plaintiffs' Third Amended Original Complaint.

64. Defendant City denies the averments contained in Paragraph 64 of Plaintiffs' Third Amended Original Complaint.

65. Defendant City denies the averments contained in Paragraph 65 of Plaintiffs' Third Amended Original Complaint.

66. The City incorporates its responses to Paragraphs 1-65 of Plaintiffs' Third Amended Original Complaint as though fully set forth herein. Defendant City denies the remaining averments contained in Paragraph 66 of Plaintiffs' Third Amended Original Complaint.

67. Defendant City denies the averments contained in Paragraph 67 of Plaintiffs' Third Amended Original Complaint.

68. Defendant City denies the averments contained in Paragraph 68 of Plaintiffs' Third Amended Original Complaint.

69. Defendant City denies the averments contained in Paragraph 69 of Plaintiffs' Third Amended Original Complaint.

70. Defendant City denies the averments contained in Paragraph 70 of Plaintiffs' Third Amended Original Complaint.

71. The City incorporates its responses to Paragraphs 1-70 of Plaintiffs' Third Amended Original Complaint as though fully set forth herein.

72. Defendant City denies the averments contained in Paragraph 72 of Plaintiffs' Third Amended Original Complaint.

73. Defendant City denies the averments contained in Paragraph 73 of Plaintiffs' Third Amended Original Complaint.

74. Defendant City denies the averments contained in Paragraph 74 of Plaintiffs' Third Amended Original Complaint.

75. Defendant City denies the averments contained in Paragraph 75 of Plaintiffs' Third Amended Original Complaint.

76. The City incorporates its responses to Paragraphs 1-75 of Plaintiffs' Third Amended Original Complaint as though fully set forth herein.

77. Defendant City denies the averments contained in Paragraph 77 of Plaintiffs' Third Amended Original Complaint.

78. Defendant City denies the averments contained in Paragraph 78 of Plaintiffs' Third Amended Original Complaint.

79. Defendant City denies the averments contained in Paragraph 79 of Plaintiffs' Third Amended Original Complaint.

80. Defendant City admits that the City has a duty to properly hire, supervise and adequately train officers. Defendant City denies that the conduct of any Fort Worth Police Officer was in violation of a citizen's constitutional rights as alleged in the remaining averments contained in Paragraph 80 of Plaintiffs' Third Amended Original Complaint.

81. Defendant City denies the averments contained in Paragraph 81 of Plaintiffs' Third Amended Original Complaint.

82. Defendant City denies the averments contained in Paragraph 82 of Plaintiffs' Third Amended Original Complaint.

83. The City incorporates its responses to Paragraphs 1-82 of Plaintiffs' Third Amended Original Complaint as though fully set forth herein.

84. Defendant City denies the averments contained in Paragraph 84 of Plaintiffs' Third Amended Original Complaint.

85. Defendant City denies the averments contained in Paragraph 85 of Plaintiffs' Third Amended Original Complaint.

86. Defendant City denies the averments contained in Paragraph 86 of Plaintiffs' Third Amended Original Complaint.

87. Defendant City denies the averments contained in Paragraph 87 of Plaintiffs' Third Amended Original Complaint.

88. The City incorporates its responses to Paragraphs 1-87 of Plaintiffs' Third Amended Original Complaint as though fully set forth herein.

89. Defendant City denies the averments contained in Paragraph 89 of Plaintiffs' Third Amended Original Complaint.

90. Defendant City denies the averments contained in Paragraph 90 of Plaintiffs' Third Amended Original Complaint.

91. The City incorporates its responses to Paragraphs 1-90 of Plaintiffs' Third Amended Original Complaint as though fully set forth herein. Defendant City is without sufficient

information or knowledge to admit or deny the remaining averments contained in Paragraph 91 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

92. Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Paragraph 92 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

93. Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Paragraph 93 of Plaintiffs' Third Amended Original Complaint, and therefore must deny.

94. Defendant City is without sufficient information or knowledge to admit or deny the authenticity or validity of the Autopsy Report attached to Plaintiffs' Third Amended Original Complaint as Exhibit "A," and therefore must deny any averment that references it as alleged in the unnumbered first paragraph of Section VI of Plaintiffs' Third Amended Original Complaint.

95. Defendant City admits that the document attached as Exhibit "B" and referenced as the Application for Temporary Administrator has been filed as alleged by Plaintiffs in the unnumbered second paragraph of Section VI of Plaintiffs' Third Amended Original Complaint.

96. Defendant City denies the averments contained in Paragraph 94 of Plaintiffs' Third Amended Original Complaint.

97. Defendant City denies any liability and further denies that Plaintiffs are entitled to damages or any other relief as alleged in Paragraph 95 of Plaintiffs' Third Amended Original Complaint.

98. Defendant City denies any liability and further denies that Plaintiffs are entitled to damages or any other relief as alleged in Paragraph 96 of Plaintiffs' Third Amended Original Complaint.

99. Defendant City denies any liability and further denies that Plaintiffs are entitled to damages or any other relief as alleged in Paragraph 97 of Plaintiffs' Third Amended Original Complaint.

100. Defendant City denies any liability and further denies that Plaintiffs are entitled to damages or any other relief as alleged in Paragraph 98 of Plaintiffs' Third Amended Original Complaint.

101. Defendant City denies any liability and further denies that Plaintiffs are entitled to damages or any other relief as alleged in Paragraph 99 of Plaintiffs' Third Amended Original Complaint.

102. Defendant City denies any liability and further denies that Plaintiffs are entitled to damages or any other relief as alleged in Section IX of Plaintiffs' Third Amended Original Complaint.

103. Section X of Plaintiffs' Third Amended Original Complaint is not the type of averment to be admitted or denied.

## II.
## AFFIRMATIVE DEFENSES

104. Plaintiffs' Third Amended Original Complaint has failed to state a claim upon which relief may be granted.

105. Defendant City violated no duty owed to Plaintiffs.

106. Without waiving any of the foregoing, to the extent that Plaintiffs seek exemplary damages under common law from the City, such damages are not allowed for under common law as a municipality is immune from exemplary damages.

107. Without waiving any of the foregoing, Defendant City, a Texas home-rule municipality and governmental unit, specifically pleads, and states its intention to rely on the doctrine of

governmental immunity in this matter and would show that the causes of action alleged against Defendant City are barred, in whole or in part, by the doctrine of governmental immunity.

108. The City is immune from liability and from paying attorney's fees under common law.

109. The City affirmatively pleads that it cannot be held vicariously liable as a matter of law for any negligent and/or grossly negligent acts of its police officers and/or employees.

110. Without waiving any of the foregoing, Defendant City, a Texas home-rule municipality, and a governmental unit, specifically pleads, and incorporates herein by reference, the provisions of TEX. CONST. art. 11, § 13, and the provisions of the Texas Tort Claims Act § 101.001, *et. seq.*, TEX. CIV. PRAC. & REM. CODE. Defendant City specifically states its intention to rely on such provision of the Constitution and to further rely on each and every provision of the Texas Tort Claims Act in this matter, including, but not limited to, each and every defense, notice requirement, time limit, maximum liability limit, exclusion from liability, and prerequisite to suit provided in such Act.

111. Defendant City affirmatively pleads that it cannot be held liable under the theory of *respondeat superior* for any of Plaintiffs' federal law claims.

112. Without waiving any of the foregoing, Defendant City incorporates by reference and states its intention to rely on all provisions of Chapter 33 of the Texas Civil Practice and Remedies Code in this matter, and would specifically show that, in the unlikely event any party is awarded damages against Defendant City in this cause, any such award must be reduced in accordance with the provisions of such Chapter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant City of Fort Worth prays that this proceeding be dismissed, that Plaintiffs take nothing by this suit, and that Defendant City of Fort Worth be granted such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

/s/ Laetitia Coleman Brown
Laetitia Coleman Brown
Senior Assistant City Attorney
State Bar No. 00792417
laetitia.brown@fortworthtexas.gov

Gerald Pruitt
Deputy City Attorney
State Bar No. 16369200
gerald.pruitt@fortworthtexas.gov

Office of the City Attorney
1000 Throckmorton Street
Fort Worth, Texas 76102-6311
817.392.7600
817.392.8359 Facsimile

*Attorneys for Defendant City of Fort Worth*

## CERTIFICATE OF SERVICE

This is to certify that, on the 24th day of March, 2016, a true and correct copy of the foregoing document was sent electronically or by another manner as noted below, to the following parties:

Nichole Elizalde Henning
G. James Martinez
THE HENNING FIRM
435 W. Nakoma, Suite 101
San Antonio, Texas 78216

William D. Taylor
TAYLOR & TAYLOR, P.C.
4115 Highgrove Drive
Arlington, Texas 76001

Kenneth E. East
FOSTER & EAST
9001 Airport Freeway, Suite 675
North Richland Hills, Texas 76180

David A. McFarland
Sarah L. Rogers
Timothy E. Headley
THOMPSON, COE, COUSINS & IRONS, LLP
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201

/s/ Laetitia Coleman Brown
LAETITIA COLEMAN BROWN